IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01094-REB-KLM

TYLER V., by and through his parents and next friends,
DESIREE AND ROBERT V.,

    Plaintiff(s),

v.

ST. VRAIN VALLEY SCHOOL DISTRICT NO. RE-1J,

    Defendant(s).
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Leave to Introduce Rebuttal Evidence** [Docket No. 31; filed March 14, 2008] (the "Motion"). The Court has reviewed the Motion, Defendant's Response [Docket No. 36; filed April 7, 2008], Plaintiff's Reply [Docket No. 37; filed April 22, 2008], the entire case file and applicable case law and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion is **GRANTED**, as set forth below.

**I. Introduction**

This action was brought by Plaintiffs pursuant to the Individuals With Disabilities Education Act, 20 U.S.C. §1401, *et seq.* ("IDEA" or the "Act"). The IDEA establishes a process to ensure that the states, through their local school districts, provide a "free

1

appropriate public education" ("FAPE") to school-age children with disabilities. 20 U.S.C. §1412(a)(1)(A). The Act provides for creation of an individualized education program ("IEP") for each disabled student through collaborative efforts of (at least) the student's parents, teachers, and a school district representative. *See* 20 U.S.C. §1414(d)(1)(B). Pursuant to the statute, the IEP must identify the location where the student's services will be provided during the term of the IEP. *See* 20 U.S.C. §1414(d)(1)(A)(i)(VII).

Plaintiffs are a school-age child with disabilities, Tyler, and his parents. *Complaint*, pgs. 1,6. In general, Plaintiffs seek review of a state Administrative Law Judge's ("ALJ") decision holding that during the 2005-2006 school year, the Defendant school district (the "School District") provided Tyler with FAPE pursuant to the Act and that the School District need not reimburse Plaintiffs for the cost of the private school ("WINSi") where Tyler was enrolled during the following school year. *Complaint*, pgs. 1, 16-22. In an IDEA action, the court "(I) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C).

**II. Procedural History**

On October 26, 2007, Defendant filed a Motion to Supplement the Administrative Record [Docket No. 24], which this Court granted by Order dated January 28, 2008 [Docket No. 30] ("January 28 Order"). In my Order, I found that:

> Tenth Circuit precedent establishes that 'additional evidence' should be accepted in IDEA cases only "if necessary," and once accepted is considered

> to be "merely supplemental to the administrative record." *Murray v. Montrose County Sch. Dist. Re-1J*, 51 F.3d 921, 927 (10th Cir. 1995); *L.B. v. Nebo Sch. Dist.*, 379 F.3d 966, 974 (10th Cir. 2004)). The four reasons to accept such evidence, as set forth in *Town of Burlington*, have not been explicitly approved or disapproved in the Tenth Circuit, although at least one district court has used them in deciding to accept additional evidence in an IDEA case. *Miller v. Bd. of Educ.*, 455 F.Supp.2d 1286, 1302 (D. N. Mex. 2006). That court further endorsed *Town of Burlington's* list of factors that a court should consider in ruling on motions to present additional evidence in such cases. The factors are: "the important concerns of not allowing a party to undercut the statutory rule of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources" *Id*.

*January 28 Order* [#30], pp. 8-9.

In accordance with this analysis, I allowed Defendant to supplement the record with several exhibits. First, Defendant's Exhibits A, B and C ("2006 Letters") are three letters that relate to the Defendant's attempts to confer with Plaintiffs regarding two issues: (1) modifying Tyler's 2005-2006 IEP to place him at Flatiron Academy for the following school year, instead of at Frederick Elementary, and (2) the Defendant's unwillingness to consent to the Plaintiffs' placement of Tyler at WINSi for the 2005-2006 school year. In regard to the 2006 letters, I found that:

> [The 2006 letters] fill in blanks in the substantive chronology of the parties' "interactions" about providing FAPE to Tyler for the 2006-2007 school year. The fact that they were not reviewed by the IHO or the ALJ may explain, in part, why the present case is pending. Regardless, the documents would certainly assist the district court in conducting its modified *de novo* review, as it is obligated to do here. Because the 2006 letters are instrumental to understanding whether FAPE was made available to Tyler in 2006-2007, they are instrumental to decision-making on Plaintiff's Second Claim for Relief in this action, which seeks reimbursement to the parents for the cost of WINSi . . . Accordingly, I find that [the 2006 letters] are necessary to a proper review of this matter. *Murray*, 51 F.3d at 927.

3

*January 28 Order* [#30], p. 14.

I next considered Defendant's Exhibits D and E as well as Defendant's proffered testimony (collectively the "2007 Evidence"). The 2007 Evidence was offered in relation to the modification of Tyler's IEP in January 2007 and Defendant's offer of FAPE to Tyler at Burlington Elementary School. I found that this evidence related to "events which occurred after the due process hearing which have direct bearing on Plaintiffs' Second Claim for Relief requesting reimbursement of WINSi costs." *January 28 Order* [#30], p. 16. That is, "[t]he IDEA mandates consideration of the FAPE issue before a school district can be ordered to reimburse parents for the cost a private education for a disabled child . . . . Thus, because Plaintiffs seek an award of the cost of WINSi, evidence relating to whether FAPE was made available and whether they nevertheless unilaterally elected to withdraw Tyler from public education is directly relevant to their claim in this litigation." *Id.* at 17.

### III.   Evidence at Issue

Neither party has appealed my January 28, 2008 Order to District Judge Robert E. Blackburn. Plaintiffs now seek leave to introduce "rebuttal evidence" of their own, consisting of four exhibits, the testimony of Dr. Kirk, Dorothy Hansen and Tyler's mother, and the transcript and audiotape recordings of the January 11, 2007 IEP meeting between the Parties.

####   A.   Exhibits 1 and 2

Plaintiffs' Exhibit 1 is a letter dated June 12, 2006 written by Plaintiffs' counsel to Mary Sires and Marla Ladd, officials in the St. Vrain Valley School District. Attached to the

4

June 12, 2006 letter is a June 6, 2006 letter from Dr. John Kirk, a Pediatric Neuropsychologist, to Tyler's mother regarding Dr. Kirk's evaluation of Tyler. Exhibit 1 sets out the Plaintiffs' response to the three placement recommendations that were discussed at the May 23, 2006 meeting between the Parties. *Motion* [#31], p. 2. Plaintiffs state that they seek to introduce Exhibit 1 to rebut Defendant's Exhibit A, a June 26, 2006 letter from Defendant's counsel to Plaintiffs counsel. *Id.* Plaintiffs argue that Defendant's Exhibit A was written in direct response to Plaintiffs' Exhibit 1. *Id.*

Plaintiffs' Exhibit 2 is a letter dated July 17, 2006 from Plaintiffs' counsel to Ms. Sires and Ms. Ladd regarding Tyler's placement at WINSi or Flatiron Academy. Attached to the July 17, 2006 letter is a June 27, 2006 letter from Dr. Kirk, in which he addresses why he believes that Flatiron is an improper placement for Tyler, and why he suggested that Plaintiffs investigate WINSi as a placement option. Plaintiffs state that they seek to introduce Exhibit 2 to rebut Defendant's Exhibits B and C, letters from Defendant's counsel to Plaintiffs' counsel regarding whether Tyler should be placed at WINSi or Flatiron Academy. *Id.* at 3.

Defendant contends that Plaintiffs' Exhibits 1 and 2 "serve no purpose other than to make an attempt to prove that FAPE could not be provided to [Tyler] in 2006-2007 at the school locations offered by the District." *Response* [#36], p. 3. Defendant further argues that this "issue has not been exhausted by the parties and may not be addressed herein." *Id.* at 4. Defendant contends that the alleged failure of the Plaintiffs "to exhaust their administrative remedies deprives this Court of subject matter jurisdiction over these matters

and as such, these claims must be dismissed." *Id.* at 8. Defendant previously raised this exhaustion argument in its Motion to Supplement, and I declined to address the argument at that time as I found that the parties had not adequately briefed the argument. *January 28, 2008 Order*, p. 11, fn. 3. I again decline to address Defendant's argument that Plaintiffs have failed to exhaust their administrative remedies – that issue has not been fully briefed, and is not properly before the Court on this Motion, which deals solely with evidentiary issues. Moreover, as I have repeatedly noted, the statutory scheme <u>mandates</u> consideration of the FAPE issue before a school district can be ordered to reimburse parents for the cost of a private education for a disabled child. *Thompson R-J Sch. Dist. V. Luke P.*, 2007 WL 1879981, *6 (D.Colo. 2007). Thus, consideration of whether the School District offered FAPE to Tyler for the 2006-2007 school year is necessary to proper consideration of Plaintiff's claim for reimbursement of the WINSi costs.

Plaintiffs' Exhibits 1 and 2 both relate to the three placement recommendations that were discussed at the May 23, 2006 meeting between the Parties. Like Defendant's 2006 letters, I find that Plaintiffs' Exhibits 1 and 2 help to "fill in blanks in the substantive chronology of the parties' 'interactions' about providing FAPE to Tyler for the 2006-2007 school year." *January 28 Order* [#30], p. 14. As I previously found that Defendant's 2006 letters were "instrumental to understanding whether FAPE was made available to Tyler in 2006-2007 [and therefore] instrumental to decision-making on Plaintiff's Second Claim for Relief in this action, which seeks reimbursement to the parents for the cost of WINSi," I also find that Plaintiffs' Exhibits 1 and 2 are instrumental to the district court's decision-making

6

process on Plaintiff's Second Claim for Relief.  *Id.*

Second, I must consider the factors set forth in *Town of Burlington v. Dept. of Ed.*, 736 F.2d 773, 790 (1st Cir.), and adopted in *Miller v. Bd. of Educ.*, 455 F.Supp.2d at 1302, regarding acceptance of additional evidence.  I do not find that accepting Exhibits 1 and 2 will undercut the statutory role of administrative expertise, as the exhibits relate to whether FAPE was offered during the 2006-2007 school year, a legal issue about which the Court shares expertise with the administrative decision-makers.  I do not find that Plaintiffs have created unfairness by reserving their best evidence for trial, as Plaintiffs were initially opposed to admission of additional evidence, and only now have moved to submit evidence to rebut Defendant's additional evidence.  Finally, judicial resources will not be strained by consideration of the evidence contained in Exhibits 1 and 2, as these exhibits consist of a total of eight pages.  Accordingly, I find that Exhibits 1 and 2 are necessary to a proper review of this matter and should be admitted for consideration.

**C. Exhibits 3 and 4 and Proffered Witnesses**

Plaintiffs' Exhibit 3 is a letter dated January 24, 2007 from Plaintiffs' counsel to Defendant's counsel.  Exhibit 3 concerns Tyler's January 11, 2007 proposed IEP, and whether he should transition from WINSi to Burlington Elementary School.  Plaintiffs argue that Exhibit 3 was written in direct response to Defendant's Exhibit D, a January 12, 2007 letter from Defendant's counsel to Plaintiffs' counsel regarding Tyler's January 11, 2007

7

proposed IEP, and whether Tyler should move from WINSi to Burlington Elementary School. *Id.* at 3.

Plaintiffs' Exhibit 4 is a letter dated October 10, 2006 from Dr. Kirk to Tyler's mother regarding Dr. Kirk's opinion that Burlington would not be an appropriate placement for Tyler. Plaintiffs seek to introduce Exhibit 4 to rebut Defendant's Exhibit E, a February 14, 2007 letter from Defendant's counsel to Plaintiff's counsel regarding whether Tyler should remain at WINSi or move to Burlington. *Id.* at 4.

Plaintiffs also seek to introduce the testimony of Dr. Kirk, Dorothy Hansen, Psy.D., and Tyler's mother. Plaintiffs state that "[a]ll of these witnesses attended the January 11, 2007 IEP meeting where Tyler's placement at Burlington was proposed by the District, and each of them offered their opinions at the meeting regarding the appropriateness of this placement option." *Motion* [#31], p. 4. Plaintiffs argue that the testimony of these three witnesses is necessary to rebut the testimony of Defendant's witnesses Mary Sires and Janice Hughes. *Id.* at 7. Finally, Plaintiffs also seek to admit a transcript and audiotape recordings of the January 11, 2007 IEP meeting that occurred between the parties. Plaintiffs argue that "[t]he statements that Ms. Sires, Ms. Hughes, and other District officials made at the IEP meeting concerning the District's ability to provide FAPE at Burlington constitute important rebuttal evidence that [Plaintiffs] should be entitled to introduce." *Id.*

Defendant argues that the Court "simply does not have jurisdiction over the issue of whether or not the District could have provided FAPE to [Tyler] at Burlington" and thus the 2007 letters, the testimony of the three proposed witnesses and the transcript are not

8

needed because "[i]t is not this Court's place to determine whether or not FAPE could be provided at Burlington Elementary." *Response* [#36], p. 9.  However, in admitting Defendant's 2007 evidence, which included the proffered testimony of Ms. Sires and Ms. Hughes, I found that "because Plaintiffs seek an award of the cost of WINSi, evidence relating to whether FAPE was made available [at Burlington] and whether they nevertheless unilaterally elected to withdraw Tyler from public education is directly relevant to their claim in this litigation.  Although the Administrative Record is inconsistent regarding the extent to which the issue of whether the School District provided FAPE to Tyler for the 2006-2007 school year was under consideration, both the IHO and the ALJ made explicit findings which relate to it." *January 28, 2008 Order*, p. 17 (citations omitted).  I additionally found that Defendant's 2007 Evidence was related to the "modification of Tyler's IEP in January of 2007 and the School District's offer of FAPE to Tyler at Burlington Elementary School" and admitted it as such.  *Id.* at 16.  Accordingly, having now admitted Defendant's evidence that I explicitly found was related to the issue of FAPE at Burlington, it is disingenuous of Defendant to argue that this issue is actually not before the Court and that Plaintiffs should not be allowed to admit evidence along the same lines.

Like Defendant's Exhibits D and E ("2007 Evidence"), I find that Plaintiffs' Exhibits 3 and 4 are offered in relation to the modification of Tyler's IEP in January 2007 and Defendant's offer of FAPE to Tyler at Burlington Elementary School.  Therefore, this evidence relates to "events which occurred after the due process hearing which have direct bearing on Plaintiffs' Second Claim for Relief requesting reimbursement of WINSi costs."

9

*January 28 Order* [#30], p. 16. That is, "because Plaintiffs seek an award of the cost of WINSi, evidence relating to whether FAPE was made available and whether they nevertheless unilaterally elected to withdraw Tyler from public education is directly relevant to their claim in this litigation." *Id.* at 17. Accordingly, I find that Exhibits 3 and 4, the testimony of the three proffered witnesses, and the transcript of the January 11, 2007 hearing are necessary to a proper review of this matter and should be admitted for consideration.

Next, I must again consider the factors set forth in *Town of Burlington*, 736 F.2d at 790, and adopted in *Miller v. Bd. of Educ.*, 455 F.Supp.2d at 1302, regarding acceptance of additional evidence. I again do not find that accepting this evidence will undercut the statutory role of administrative expertise, "as it relates to contradictory findings made by the ALJ and the IHO. The Court must either agree with the IHO or with the ALJ about whether the School District provided FAPE to Tyler in 2006-2007, and the additional evidence will help to ensure the accuracy of that decision and confirm the accuracy of either the IHO's or the ALJ's decision in the same regard." *January 28, 2008 Order*, p. 19. I again do not find that Plaintiffs have created unfairness by reserving their best evidence for trial, as Plaintiffs were initially opposed to admission of additional evidence, and only now have moved to submit evidence to rebut Defendant's additional evidence. Finally, although I do find that judicial resources will be expended by acceptance of Plaintiff's Exhibits 3, 4 and the testimony of the proffered witnesses as well as a transcript of the meeting, I again find that the concern relating to judicial resources "is outweighed by the Court's mandate to

enforce the IDEA pursuant to its terms and to provide all parties a fair review." *January 28, 2008 Order*, p. 19.

Accordingly, IT IS HEREBY **ORDERED** that Plaintiffs' **Motion for Leave to Introduce Rebuttal Evidence** [Docket No. 31; filed March 14, 2008] is **GRANTED**. Exhibits 1, 2, 3, 4 and the transcript of the January 11, 2007 IEP meeting are admitted into evidence. The testimony of Dr. Kirk, Dorothy Hansen, Psy.D., and Tyler's mother regarding whether the School District could have provided Tyler with FAPE at Burlington Elementary School in the 2006-2007 school year is also admitted, subject to appropriate objections at trial.

BY THE COURT:

\_\_s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: May 12, 2008