IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-01094-PAB-KLM

TYLER V., by and through his parents and next friends,
DESIREE AND ROBERT V.,

    Plaintiff,

v.

ST. VRAIN VALLEY SCHOOL DISTRICT NO. RE-1J,

    Defendant.

_____

**ORDER**
_____

This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 56], which recommends that the Court grant defendant's Partial Motion to Dismiss [Docket No. 41] on the ground that certain of plaintiff's claims have not been properly exhausted. On February 12, 2009, plaintiff filed timely objections [Docket No. 57] to portions of the Recommendation. On March 6, 2009, after requesting and receiving an extension of time to do so, defendant filed a response [Docket No. 60] to the objections. The response was stricken but defendant was permitted to, and did, file an amended response [Docket No. 64]. Plaintiff then sought and was granted leave to file a reply [Docket No. 68]. Where a party timely files objections to a magistrate judge's recommended adjudication of a dispositive motion, the Court reviews the objected-to portion of the recommendation de novo. Fed. R. Civ. P. 72(b).

The magistrate judge provided a detailed recitation of the factual and procedural history of this case. Briefly, plaintiff, a school-age child with disabilities, was enrolled at Frederick Elementary School for the 2005-2006 school year. Compl. [Docket No. 1] ¶¶ 32, 35. Near the end of that school year, plaintiff, his parents, and defendant St. Vrain Valley School District No. RE-1J ("the District") determined that plaintiff would need a more "therapeutic placement" than Frederick Elementary for the 2006-2007 school year. *Id.* ¶ 50. However, although discussions between the parties continued over the summer, no placement agreement was reached. *Id.* ¶¶ 57-60. Plaintiff's parents eventually rejected the District's suggestion that plaintiff attend Flatiron Academy and instead enrolled him at the Western Institute for Neurodevelopmental Studies and Intervention ("WINSi"), a private school in Boulder, Colorado. *Id.* ¶¶ 18, 57, 62.

Plaintiff brings claims under the Individuals with Disabilities Education Act ("IDEA" or the "Act"). The Act provides students with disabilities the right to a "free appropriate public education," or "FAPE," designed to meet their needs. *See* 20 U.S.C. § 1400(d)(1)(A). The determination of whether FAPE has been provided turns in large part on the sufficiency of the individualized education program ("IEP") for each disabled child. *See, e.g.*, *A.K. v. Alexandria City Sch. Bd.*, 484 F.3d 672, 675 (4th Cir. 2007) ("A school provides a FAPE by creating an [IEP] for each child."). In certain circumstances, if FAPE has not been made available, parents are entitled to enroll their children in private school and seek reimbursement of the costs. Specifically, the Act provides:

> If the parents of a child with a disability, who previously received special
> education and related services under the authority of a public agency,
> enroll the child in a private elementary school or secondary school without
> the consent of or referral by the public agency, a court or a hearing officer
> may require the agency to reimburse the parents for the cost of that

2

>enrollment if the court or hearing officer finds that the agency had not
>made a free appropriate public education available to the child in a timely
>manner prior to that enrollment.

*Id.* § 1412(a)(10)(C)(ii). This provision is particularly relevant here, as plaintiff contends that the District did not offer FAPE in 2005-2006 and thus he is entitled to reimbursement of his private school tuition expenses incurred during the 2006-2007 school year.

Exhaustion of administrative remedies is a prerequisite under the Act. *McQueen v. Colo. Springs Sch. Dist.*, 488 F.3d 868, 873 (10th Cir. 2007). "As part of the bargain of providing children with educational rights and parents with procedural safeguards to protect those rights, Congress required that parents turn first to the [IDEA's] administrative framework to resolve any conflicts they had with the school's educational services." *Cudjoe ex rel. Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1064 (10th Cir. 2002). Requiring administrative exhaustion of IDEA claims advances several objectives:

>(1) permitting the exercise of agency discretion and expertise on issues
>requiring these characteristics; (2) allowing the full development of
>technical issues and a factual record prior to court review; (3) preventing
>deliberate disregard and circumvention of agency procedures established
>by Congress; and (4) avoiding unnecessary judicial decisions by giving the
>agency the first opportunity to correct any error.

*Ass'n for Community Living v. Romer*, 992 F.2d 1040, 1044 (10th Cir.1993) (internal quotation marks omitted).

The administrative process works as follows. Under Section 1415 of the IDEA, the parents may, on the child's behalf, present a complaint to the school district "with respect to any matter relating to the identification, evaluation, or educational placement

3

of [a child with a disability], or the provision of a free appropriate public education [FAPE] to such child." 20 U.S.C. § 1415(b)(6)(A). In conjunction with the complaint, the parents must provide the school district with a notice that includes "a description of the nature of the problem of the child relating to such proposed initiation or change, including facts relating to such problem" and "a proposed resolution of the problem to the extent known and available to the parents at the time." *Id.* § 1415(b)(7)(A)(ii)(III), (IV). If the complaint is not settled through mediation, *see id.* § 1415(e), or a preliminary meeting, *see id.* § 1415(f)(1)(B)(i), the child may demand an impartial due-process hearing, *see id.* § 1415(f)(1). At the due-process hearing, the parties have "the right to present evidence and confront, cross-examine, and compel the attendance of witnesses." *Id.* § 1415(h)(2). Either party may appeal the hearing officer's decision to the state educational agency, which, through a state level review officer, reviews the findings and decision and "make[s] an independent decision upon completion of such review." *Id.* § 1415(g). Only after the state agency has issued its decision may a party bring "a civil action with respect to the complaint" in state or federal court. *Id.* § 1415(i)(2)(A); *see also id.* § 1415(i)(1)(B), (i)(3)(A) (jurisdiction of federal courts). *See Nelson v. Bd. of Educ. of Albuquerque Pub. Sch.*, No. 07-1027, 2009 WL 6055840, at *2 (D.N.M. Jan. 7, 2009).

Plaintiff followed the proper administrative steps outlined by the statute. On September 6, 2006, plaintiff filed a due process complaint against the District seeking reimbursement for the cost of WINSi. Compl. ¶ 18. A due process hearing was held on November 7-8 and 13-14, 2006. *Id.* ¶ 19. On November 27, 2006, the independent

4

hearing officer ("IHO") issued an order ruling that the District provided FAPE for plaintiff in 2005-2006 but that FAPE was not provided after a meeting of plaintiff's IEP team, held on May 23, 2006. IHO Order at 11-12. As a result, the IHO ruled that "FAPE has not been provided to [plaintiff] for the 2006-2007 school year." *Id.* at 11. The IHO ordered that the District pay for 36 weeks of plaintiff's education at WINSi. *Id.* at 12. Both sides appealed to a state level review officer, which in Colorado is an administrative law judge ("ALJ") in the Office of Administrative Courts. Compl. ¶ 22. On February 27, 2007, the ALJ issued a decision that affirmed the IHO's ruling that the District provided FAPE to plaintiff in 2005-2006 and reversed the ruling that the District failed to provide FAPE to plaintiff in 2006-2007. *Id.* ¶ 26. Plaintiff then initiated this action, bringing three claims: (1) a challenge to the IHO and ALJ's conclusion that FAPE was provided during the 2005-2006 school year, *id.* ¶¶ 83-93; (2) a claim for reimbursement of the costs of WINSi for the 2006-2007 term, *id.* ¶¶ 94-113; and (3) a claim for reimbursement of the costs of certain independent educational evaluations, *id.* ¶¶ 114-127. Here, for the first time, the District has raised the claim that plaintiff failed to exhaust administrative remedies as to this second claim for relief.

The dispute over exhaustion has arisen because of plaintiff's position that events that took place after the IEP meeting on May 23, 2006 are irrelevant to his claim for reimbursement of the costs of WINSi. As a result, plaintiff believes that the only evidence that is relevant to his reimbursement claim is whether he received FAPE during the 2005-2006 school year. The District seemed to agree with his position for a time; however, the IHO, the ALJ, and the magistrate judge concluded that plaintiff's

5

reimbursement claim depended on whether Flatiron Academy would have provided FAPE to plaintiff during the 2006-2007 year.

The facts that the District believes are relevant to plaintiff's reimbursement claim but which plaintiff claims are irrelevant are the following: At the May 23, 2006 IEP meeting, plaintiff's mother and other members of the IEP team agreed that plaintiff should be placed somewhere other than Frederick Elementary for the 2006-2007 school year. Compl. ¶ 50. Although the District had prepared a draft IEP for the meeting, goals and objectives were not presented because the District was awaiting a determination of a new placement. ALJ Op. at 16. Immediately after this meeting, a smaller group of persons met, including plaintiff's mother and counsel for plaintiff. The District offered five possible placements for plaintiff, including Flatiron Academy. *Id.* The District suggested that plaintiff's parents investigate these options, which plaintiff's mother agreed to do. Compl. ¶ 53. Negotiations between attorneys for the District and plaintiff regarding an appropriate placement continued over the summer. *Id.* ¶ 57. On August 21, 2006, with the new school year about to begin, counsel for the District sent counsel for plaintiff a letter stating that the District expected plaintiff to attend Flatiron Academy and that, if plaintiff's parents rejected that placement and instead opted for private placement, the parties would proceed with a due process hearing. [Docket No. 68-2.] On that same day, counsel for plaintiff informed the District that the parents would be sending plaintiff to WINSi and would expect that the District pay for that placement. Compl. ¶ 62.

The parties' different views on the relevance of these facts to a reimbursement claim under 20 U.S.C. § 1412(a)(10)(C)(ii) has led to considerable confusion during the

6

course of this litigation. Whereas plaintiff believed that events occurring after the May 23, 2006 IEP meeting were irrelevant, the District tried to introduce evidence about the parties' negotiations concerning alternative placements, which the IHO rejected. As discussed by the ALJ and as extensively reviewed by the magistrate judge, neither the IHO nor the ALJ had a proper factual record on which to base a decision regarding whether the District provided FAPE for the 2006-2007 school year.

There is no reason here to resolve the issue of whether events after May 23, 2006 are relevant to plaintiff's reimbursement claim. The motion before the Court is the District's Partial Motion to Dismiss. In its motion, the District claims that plaintiff has failed to exhaust his "newly-asserted claims alleging denial of FAPE for the 2006-2007 school year." Def.'s Partial Mtn. to Dismiss [Docket No. 41] at 5. As a result, the District seeks to dismiss the "claims relating to the ability to provide FAPE during the 2006-2007 school year." *Id.* at 15. In response to the District's motion to dismiss, plaintiff stated that "a major misconception fostered by the District throughout the life of this case needs to be corrected for once and for all. The Parents have brought no claim for relief based on denial of FAPE for the 2006-2007 school year, at Flatiron, Burlington, or anywhere else." Pl.'s Resp. to Def.'s Partial Mtn. to Dismiss [Docket No. 46] at 4. However, instead of simply confessing the motion to dismiss, plaintiff proceeded to argue about the relevance of the events after May 23, 2006. The relevance of those facts needs to be decided in a different context than on a motion to dismiss based on failure to exhaust. The Court agrees with the thorough analysis of the magistrate judge that, to the extent plaintiff's reimbursement claim depends on the existence of facts that occurred after the May 23, 2006 IEP meeting, plaintiff has failed

to present this issue to the IHO and therefore has failed to exhaust his administrative remedies. Moreover, the Court agrees with the Recommendation that plaintiff was not prevented from exhausting his administrative remedies or excused from exhausting them.

The Court does not, however, believe that dismissal of plaintiff's second claim for relief in its entirety is the proper consequence for granting the District's partial motion to dismiss. Plaintiff argues that "[i]n essence, the Second Claim for Relief asks <u>this Court</u> to rule on the FAPE issue for the 2005-2006 school year." Pl.'s Obj. to Mag. Rec. [Docket No. 57] at 4 n.2 (emphasis in original). In fact, only some of the allegations in the second claim relate to events after May 23, 2006. These allegations and others in the complaint that pertain to events after May 23, 2006 will not be considered in relation to the second claim, but the remainder of the second claim will be allowed to proceed.[1] Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 56] is ACCEPTED in part and REJECTED in part. That portion of the Recommendation recommending dismissal of those portions of plaintiff Tyler V.'s

---

[1] The magistrate judge also recommended that, to the extent that plaintiff asserts a claim for failure to provide the requisite written placement notice for the 2006-2007 school year, that claim also be dismissed for failure to exhaust. Mag. Rec. [Docket No. 56] at 12-13. Plaintiff does not object to this recommendation. Without an objection, I may review the magistrate judge's recommendation under any standard I deem appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). I have reviewed this portion of the Recommendation to satisfy myself that there is "no clear error on the face of the record," *see* Fed. R. Civ. P. 72(b), Advisory Committee Notes, and conclude that the magistrate judge correctly applied the facts and the law.

second claim for relief concerning events after the May 23, 2006 IEP meeting for failure to exhaust administrative remedies is accepted and those portions of plaintiff's second claim for relief are dismissed without prejudice. That portion of the Recommendation recommending dismissal of the remainder of plaintiff's second claim is rejected. As a result, it is further

**ORDERED** that defendant's Partial Motion to Dismiss [Docket No. 41] is GRANTED in part and DENIED in part, as explained herein. Further, to the extent that plaintiff asserts a claim for failure to provide written notice prior to placement, that claim is dismissed without prejudice for failure to exhaust administrative remedies.

DATED March 29, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge